LYSANDER M. WEEKS *vs.* EDWARD WALCOTT.

A person employed to work upon a house by a builder who has made a written contract with the owner to build the house has a lien upon the house and land under *St.* 1855, *c.* 431, § 1, for his own labor.

The provision of *St.* 1851, *c.* 343, § 2, requiring a statement of account to be recorded in the registry of deeds by a person claiming a mechanic's lien, is repealed by *St.* 1855, *c.* 431, § 2, requiring such a statement to be filed in the town clerk's office.

Under the Rev. Sts. *c.* 117, §§ 30, 31, and *St.* 1855, *c.* 431, a mechanic need not wait sixty days after a debt becomes due to him for labor on a house, before commencing proceedings to enforce a lien thereon.

PETITION filed on the 30th of November 1857 to enforce a mechanic's lien for labor upon the respondent's house in Natick. At the trial in the court of common pleas in Middlesex at March term 1859, without a jury, the following facts were proved:

The petitioner worked the number of days alleged by him

upon the building in question, under an express contract with Utley & Perry, builders, who had contracted in writing with the respondent to erect it. By his contract with them, the petitioner was to be paid upon the first day of each month for the labor performed up to that date. The petitioner ceased to work upon the building on the 18th of November 1857, and on the 21st of that month filed the certificate required by *St.* 1855, *c.* 431, § 2, in the office of the clerk of the town of Natick, but did not record the certificate in the registry of deeds. *Sanger,* J., dismissed the petition, and the petitioner alleged exceptions.

*A. B. Underwood,* for the petitioner.

*J. W. Bacon,* for the respondent. 1. The specific labor for which the petitioner seeks to enforce this lien was not performed by virtue of any contract made by the consent of the respondent, or of any other person having authority from the respondent to procure such labor in his behalf, because the respondent, by making a written contract with Utley & Perry, had parted with all control over the building, so far as related to the persons to be employed. *St.* 1855, *c.* 431, § 1. *Parker* v. *Bell,* 7 Gray, 429. *Parker* v. *Anthony,* 4 Gray, 289.

2. The provision of *St.* 1855, *c.* 431, § 2, requiring the petitioner's certificate to be filed in the town clerk's office, is not inconsistent with the provision of *St.* 1851, *c.* 343, § 2, requiring the same to be recorded in the registry of deeds, and therefore does not repeal it. *Gilson* v. *Emery,* 11 Gray, 430.

3. The provision of Rev. Sts. *c.* 117, requiring the petitioner to wait sixty days after the amount due becomes payable before filing his petition, has not been repealed by subsequent statutes; and as the petitioner did not wait sixty days, his petition must be dismissed. Rev. Sts. *c.* 117, §§ 30, 31. *Sts.* 1851, *c.* 343; 1852, *c.* 307; 1855, *c.* 431. *Tyler* v. *Currier,* 10 Gray, 54.

BIGELOW, J. None of the objections raised by the respondent to the right of the petitioner to enforce his lien under these proceedings can prevail.

1. The first objection, that the labor was not performed by the petitioner by virtue of any consent of the respondent or other person having authority or acting for the respondent to

procure it in his behalf, is not supported by the evidence. There was a written contract made by the respondent for the erection of the building with Perry & Utley, who employed the petitioner. This gave them, by implication, authority to do all acts necessary to enable them to complete the tenement, and to employ persons to perform labor thereon. *Parker* v. *Bell,* 7 Gray, 429.

2. The provision in *St.* 1851, *c.* 343, § 2, requiring a certificate of the demand for which a lien is claimed to be recorded in the registry of deeds, is repealed by *St.* 1855, *c.* 431, § 2, requiring such certificate to be recorded in the office of the clerk of the city or town where the building is situated. The latter statute was intended to revise the previous statutes on the subject of mechanic's liens, and substitute, in certain respects, a new system for their enforcement. So far as it enacted new provisions of the same kind, having in view the same purposes as those contained in previous statutes, although a different mode of effecting them was prescribed, it was intended as a substitute for former enactments, and must operate as a repeal of them. To this extent the former statute must be deemed inconsistent with the latter, and to come within the express words of the repealing clause. *Goddard* v. *Boston,* 20 Pick. 410. It cannot be supposed that the legislature intended to require that the certificate should be recorded in two places. The sole object of requiring its registry was to give notice to all persons interested of the nature and extent of liens claimed for labor performed on structures; and this could be fully effected with convenience to all parties by a record, readily accessible, in the place where the building was situated and the work performed.

In *Gilson* v. *Emery,* 11 Gray, 430, it was decided that the provision requiring a suit for enforcing the lien to be commenced within seventy days, in *St.* 1851, *c.* 343, § 3, was not repealed by *St.* 1855, *c.* 431. But the later statute contained no provision on that subject. It was not therefore inconsistent with the previous provision.

3. The proceedings in this case were not prematurely commenced. The petitioner's lien is founded wholly on *St.* 1855

*c.* 431.   There is no provision in that statute, requiring him to delay the commencement of proceedings to enforce his claim for any period of time after the amount due him for labor is payable.   The provisions in the Rev. Sts. *c.* 117, are made applicable to the proceedings only after their entry in court.   *St.* 1855, *c.* 431, § 5.   Previously to that time they have no application.   The person claiming a lien under *St.* 1855, *c.* 431, can therefore enforce it before the expiration of sixty days from the time when the sums claimed by him became payable.

*Exceptions sustained.*